**STATEMENT OF FACTS**

On March 5, 2025, at approximately 1730 hours, members of the Metropolitan Police Department's (MPD) Seventh District's Special Mission Unit (SMU) were working their assigned tour of duty on the 600 block of Chesapeake Street SE in Washington, D.C. 20032. Officers were operating a marked scout car and utilizing call sign 7SMU8. Officers were also wearing full uniforms and outer vests bearing the words "Police" and "Metropolitan Police Department."

While conducting a routine patrol on the 600 block of Chesapeake Street SE, officers observed three individuals standing in close proximity to each other on the street and adjacent sidewalk. As the officers' marked police car approached, an individual subsequently identified as Jerome GLEATON (DOB: XX/XX/XXXX) placed his hands down his waistband and around his groin area to adjust an unseen object, and subsequently walked down an alleyway and towards the entrance of an apartment building located at 646 Chesapeake Street SE.



*Figure 1: Screenshot from video footage showing MPD vehicle approaching and GLEATON placing his hands around his groin area*

As GLEATON approached the door of 646 Chesapeake Street SE, your Affiant and other MPD officers exited the vehicle. Your Affiant saw GLEATON placing his hands inside his groin area and moving his arm in a motion consistent with retrieving and tossing an unknown object.

1

Your Affiant heard a sound consistent with that of a hard object striking the pavement and observed an item underneath an SUV parked next to the entrance of 646 Chesapeake Street SE. Your Affiant looked underneath the SUV and saw a handle consistent with the handle of a firearm.



*Figure 2: Screenshot from video footage showing GLEATON approaching the door of 646 Chesapeake Street SE and the parked SUV in front*



*Figure 3: Screenshot from video footage showing GLEATON tossing an item underneath the parked SUV*



*Figure 4: Screenshot from video footage showing the item that GLEATON tossed hitting the concrete underneath the parked SUV*



*Figure 5: Screenshot from video footage showing the item that GLEATON tossed on the concrete underneath the parked SUV*



*Figure 6: Screenshot from BWC footage recorded by an officer on scene showing the item that GLEATON tossed on the concrete underneath the parked SUV*

4



*Figure 7: Screenshot from BWC footage recorded by an officer on scene showing firearm recovered from underneath the parked SUV*

Officers stopped and placed GLEATON under arrest. GLEATON stated to your Affiant that he was on probation and had just served 11 years in prison.

Officers recovered a single-shot revolver from underneath the parked SUV. The recovered firearm, shown above in Figure 7, was identified as a Colt Army Special with serial number 543251. The firearm was fully loaded and had six rounds of live ammunition in a six-round cylinder.

GLEATON's identity was confirmed DOB: XX/XX/XXXX through a WALES/NCIC check. A query of MPD databases revealed that GLEATON does not have a license to carry a firearm in the District of Columbia and had not registered the recovered firearm in the District of Columbia. GLEATON also had previously been convicted of a crime punishable by a term of imprisonment of more than 12 months' incarceration. At the time of his arrest, GLEATON was on supervised release for his conviction in the U.S. District Court for the Eastern District of Virginia for Attempted Possession with Intent to Distribute Heroin (case number 12-cr-63), for which he was sentenced to 160 months imprisonment and three years of supervised release. Based on GLEATON's admission that he had just served 11 years in prison and the fact that he was previously sentenced to a term of imprisonment of 160 months, at the time GLEATON was arrested in the instant matter, he would have known that he had previously been convicted of an offense punishable by a term of imprisonment of more than one year.

Your Affiant is aware that there are no firearm or ammunition manufacturers in the District of Columbia and therefore the recovered firearm and ammunition traveled in and affected interstate commerce.

Based on the foregoing, I submit that there is probable cause to believe that GLEATON violated 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm that has been shipped or transported in interstate or foreign commerce.

_____
OFFICER LEONARDO BELL
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 17th day of March, 2025.*

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE